**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

TAX ANALYSTS,

*Plaintiff*,

v.

INTERNAL REVENUE SERVICE, UNITED STATES DEPARTMENT OF JUSTICE, and UNITED STATES DEPARTMENT OF THE TREASURY

*Defendants*.

Case No. 1:26-cv-02994-RC

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S DESIGNATION OF RELATED CASE**

For the reasons that follow, Defendants respectfully object under LCvR 40.5(b)(2) to Plaintiff's designation of this case as related to *Citizens for Responsibility and Ethics in Washington v. Department of Justice et al.*, No. 1:26-cv-02628-RC ("*CREW*").

1. Civil cases are related when the earlier case remains pending on the merits in this Court and the cases "(i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction or (iv) involve the validity or infringement of the same patent." LCvR 40.5(a)(3). Plaintiff's notice invokes the common-factual-issues and same-event-or-transaction grounds. Notice of Related Case, ECF Nos. 2, 2-1 at 1. But those grounds are not met here. The party seeking a related case designation bears a "heavy" burden because departure from random assignment "is appropriate only if the relationship between the . . . cases is certain." *Haitian Bridge All. v. Biden*, No. 21-cv-3317 (EGS), 2022 WL 2132439, at *2 (D.D.C. June 14, 2022) (quoting *Dakota Rural Action v. Dep't of Agric.*, No. 18-cv-2852 (BAH), 2019 WL 1440134, at *1 (D.D.C. Apr. 1, 2019)). The cases must have "substantial overlap." *Id.* at 2. A shared subject or objective alone does not establish relatedness. *See Comm. on the Judiciary v. McGahn*, 391 F. Supp. 3d 116, 121-22 (D.D.C. 2019) (explaining

that relatedness turns on whether the cases require resolution of sufficiently common issues to favor adjudication by one judge). The distinct requests and agency responses here will require substantially different factual inquiries despite the possible overlap in settlement drafts. *See Dale v. Exec. Off. of the President*, 121 F. Supp. 2d 35, 37 (D.D.C. 2000) (explaining that separate cases were not related merely because each involved denial of a Privacy Act request).

2. Although both cases here concern records relating to the settlement of *Trump v. Internal Revenue Service*, No. 1:26-cv-20609-KMW (S.D. Fla.), they arise from different FOIA requests and present substantially different questions concerning the agencies' responses to those requests. *CREW* submitted its requests on May 12, 2026, seeking records dating from December 1, 2025 to July 27, 2026, involving communications with President Trump, members of his family, the Trump Organization, and their representatives concerning the underlying litigation or its resolution. *CREW* Compl. ¶ 37, ECF No. 1. *CREW* also sought settlement documents and certain drafts exchanged between or among the agencies and the plaintiffs or their counsel. *Id. CREW* directed its U.S. Department of Justice ("DOJ") requests to three components: (1) the Civil Division; (2) the Executive Office for United States Attorneys ("EOUSA"); and (3) the Office of Information Policy. *Id.* ¶¶ 46-54.

3. By contrast, here, Plaintiff Tax Analysts submitted separate requests to the Internal Revenue Service ("IRS"), DOJ, and U.S. Department of the Treasury ("Treasury") on May 26, 2026. Plaintiff's IRS requests seek preliminary settlement drafts, specified memoranda recommending dismissal of *Trump v. IRS*, and emails involving an identified IRS official during a defined period. *Tax Analysts* Compl. ¶¶ 6, 9, 12, ECF No. 1. Plaintiff's DOJ request seeks communications among identified DOJ and Internal Revenue Service ("IRS") officials from May 11, 2026 through May 21, 2026. *Id.* ¶ 15. Plaintiff's Treasury request seeks Treasury General Counsel Brian Morrissey's resignation letters and

specified communications from May 11, 2026 through May 26, 2026. *Id.* ¶¶ 6, 9, 12, 15, 18. Plaintiff also challenges the agencies' handling of its requests for expedited processing. *Id.* ¶¶ 21-24.

4. Plaintiff suggests a possible overlap between its request for preliminary settlement drafts and one portion of CREW's requests. Notice of Related Case, ECF No. 2-1 at 1. But any overlap is limited in the context of the requests as a whole, which seek different categories of records from different custodians over different periods. The two requesters may also reach different agreements about the scope of their requests and present different issues for briefing.

5. The complaints also identify different expedited processing disputes. *CREW* alleges that the IRS granted its request for expedited processing, while *Tax Analysts* alleges that the IRS has not addressed its requests for expedited processing. *CREW* Compl. ¶ 63, ECF No. 1; *Tax Analysts* Compl. ¶¶ 7, 10, 13, ECF No. 1. *CREW* alleges that Treasury did not decide its request for expedited processing, while *Tax Analysts* alleges that Treasury denied its request. *CREW* Compl. ¶ 56, ECF No. 1; *Tax Analysts* Compl. ¶ 19, ECF No. 1. Further, *CREW*'s expedited processing claims challenge EOUSA's denial and Treasury's failure to decide its request; *CREW* alleges that DOJ's Civil Division and OIP granted expedited processing. *CREW* Compl. ¶¶ 68, 71-75, ECF No. 1. By contrast, *Tax Analysts* asserts an expedited processing claim against each of the three defendant agencies. *Tax Analysts* Compl. ¶¶ 21-24, ECF No. 1. In another FOIA matter, this Court concluded after considering LCvR 40.5 that judicial economy favored keeping two cases separate given the different claims at issue and the procedural posture of one case. *See Citizens for Resp. & Ethics in Wash. v. U.S. Dep't of Justice*, 298 F. Supp. 3d 151, 153 n.1 (D.D.C. 2018). The different requests and expedited processing disputes here likewise call for distinct factual inquiries.

6. For these reasons, Defendants respectfully request that the Court sustain their objection to the related case designation.

September 28, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director

*/s/ Kian K. Azimpoor*
KIAN K. AZIMPOOR (DC Bar No. 90024613)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Tel: (202) 598-0860; Fax: (202) 616-8470
E-mail: kian.k.azimpoor@usdoj.gov

*Counsel for U.S. Department of Justice*

*/s/ Jennifer D. Auchterlonie*
JENNIFER D. AUCHTERLONIE
Assistant Director, Civil Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Telephone: (202) 616-9183
Jennifer.D.Auchterlonie@usdoj.gov

*Counsel for U.S. Department of the Treasury and Internal Revenue Service*